

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| DR. FREDERICK WILLIAM CUBIN, III a/k/a Eric Cubin,<br><br>Plaintiff,<br><br>vs.<br><br>WYOMING GOVERNOR in his official capacity, a/k/a Mark Gordon; MARK GORDON, individually,<br><br>Defendant. | Case No. 1:24-CV-00164-SWS |

## ORDER GRANTING DEFENDANT'S *MOTION TO STAY DISCOVERY*

This matter is before the Court on Governor of Wyoming Mark Gordon's ("Defendant" or "Governor Gordon") *Motion to Stay Discovery* ("*Motion*"). ECF No. 29. After reviewing the *Motion*, Plaintiff Dr. Eric Cubin's ("Plaintiff" or "Dr. Cubin") *Response* (ECF No. 39), Defendant's *Reply* (ECF No. 43), the applicable law, and being otherwise fully advised, the *Motion* shall be **GRANTED** and discovery in this matter shall be **STAYED** for the forthcoming reasons.

### BACKGROUND

**I. Defendant's *Motion***

Defendant filed a *Motion for Judgment on the Pleadings Pursuant to Rule 12(c)* ("*Rule 12(c) Motion*") (ECF No. 26) on November 25, 2025. Therein, Defendant argues, *inter alia*, that in his individual capacity, he is entitled to qualified immunity on Counts I and II. ECF No. 27 at 5. Based upon this dispositive motion, Defendant seeks a stay of all

1

discovery in the case. ECF No. 29 ¶¶ 2–8. Citing to precedent from this district, the Tenth Circuit, and the Supreme Court, Defendant argues that courts are ordinarily required to stay discovery when a dispositive motion based on qualified immunity is pending. *Id.*

## II. Plaintiff's *Response*

Plaintiff argues that a universal stay of discovery is improper because qualified immunity is not a viable defense against the official capacity claims asserted in the *Complaint* (ECF No. 1). ECF No. 39 at 2. Plaintiff also asserts that Defendant has not met his burden by showing "extraordinary circumstances of hardship or inequity necessary to warrant granting the generally disfavored stay of discovery." *Id.* at 3. Finally, Plaintiff avers that discovery is needed to resolve factual disputes related to qualified immunity. ECF No. 39 at 2.

## LEGAL STANDARD

### I. Staying Discovery Upon a Dispositive Motion Asserting Qualified Immunity

Qualified immunity is not merely a defense to liability; rather, it "is 'an entitlement not to stand trial or face the other burdens of litigation.'" *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). "[B]ecause qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity." *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014) (citation omitted).

When qualified immunity is asserted, discovery is not typically permitted "until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir.

1992). Such a question is "purely legal" in nature, "and a court cannot avoid answering the question by framing it as factual." *Id.* "If, however, the district court determines it cannot rule on the immunity defense without clarifying the relevant facts, the court 'may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" *Stonecipher*, 759 F.3d at 1149 (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). "In the end, the decision to stay discovery rests firmly in the sound discretion of the trial court." *Lucero v. City of Aurora*, Civil Action No. 1:23-cv-00851-GPG-SBP, 2023 U.S. Dist. LEXIS 162606, at *7 (D. Colo. Sep. 13, 2023) (citing *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990)).

## II. Motion for Judgement on the Pleadings

Federal Rule of Civil Procedure 12(c) directs that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). For all intents and purposes, a Rule 12(c) motion is treated as a Rule 12(b)(6) motion to dismiss. *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). And when a Rule 12(c) motion is premised on qualified immunity, courts consider "(1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct." *VDARE Found. v. City of Colorado Springs*, 11 F.4th 1151, 1175 (10th Cir. 2021), cert. denied, 142 S. Ct. 1208 (2022) (internal quotation marks omitted). If the plaintiff fails to carry their burden on either prong, the court may grant qualified immunity. *Id.*

3

**ORDER OF THE COURT**

Governor Gordon's *Rule 12(c) Motion* argues that he, in his individual capacity, is entitled to qualified immunity on Counts I and II of the *Complaint*. ECF No. 27 at 5. Based upon the assertion of qualified immunity, the underlying issue is whether, or to what extent, discovery should be stayed. To begin, the Court notes the disparate standards counsel advance in their briefing. *Compare* ECF No. 29 ¶¶ 4–7, *with* ECF No. 39 at 2–3. In short, Defendant argues that precedent in this Court, the Tenth Circuit, and the Supreme Court all favor staying discovery, even over the official capacity claims. ECF No. 29 ¶ 8. Contrastingly, Plaintiff argues that Governor Gordon is required to "demonstrate extraordinary circumstances of hardship or inequity" for the Court to stay discovery. ECF No. 39 at 3.

Here, Plaintiff conflates the appropriate standard—citing to cases that do not implicate qualified immunity. *Id.* (citing *Goodwyn v. Wallop*, No. 09-CV-070-WDM, 2009 U.S. Dist. LEXIS 139809, at *4–5 (D. Wyo. Dec. 30, 2009), *and Commodity Futures Trading Comm'n v. Chilcott Portfolio Management, Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)).[1] And although our sister districts vary to some degree,[2] the limited caselaw in this

---

[1] *See* ECF No. 43 at 4, n.3 ("Cubin relies entirely on cases not involving qualified immunity. *See Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1479 (10th Cir. 1983) (case arose from alleged fraudulent investment activities); *Goodwyn v. Wallop*, No. 09-CV-070-WDM, 2009 WL 10665103, at *1 (D. Wyo. Mar. 2, 2009) (derivative suit alleging self-dealing). These cases are, let us say, inapposite.").

[2] *Compare Archuleta v. Bd. of Educ.*, No. 1:24-cv-00359-KK-JHR, 2025 U.S. Dist. LEXIS 1191, at *4 (D.N.M. Jan. 2, 2025) ("[T]his Court has adopted a general policy of staying all discovery once a party asserts a right to dismissal or judgment based on qualified immunity.") (citations omitted), *with McGinn v. El Paso Cty.*, 640 F. Supp. 3d 1070, 1074 (D. Colo. 2022) ("Even in cases where defendants raise a qualified immunity defense, courts within the District of Colorado generally disfavor a stay of all discovery.") (citations omitted). *But see Lucero v. City of Aurora*, No. 1:23-cv-00851-GPG-SBP, 2023 U.S. Dist. LEXIS 162606, at *6 (D. Colo. Sep. 13, 2023) ("While staying discovery pending a ruling on a motion to dismiss is generally disfavored in this District,…this is not a hard and fast rule. Good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not

Court demonstrates a presumption to stay discovery upon the filing of a dispositive motion until the threshold question of qualified immunity is resolved. *R. Mark Armstrong Pg v. Wyo. ex rel. Dep't of Envtl. Quality*, No. 09-CV-097-B, 2009 U.S. Dist. LEXIS 149939, at *5 (D. Wyo. Dec. 10, 2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). And further, "[w]here courts stay discovery because at least one defendant is entitled to assert qualified immunity, *they should also stay discovery as to any other named defendants, even if those defendants are not entitled to assert qualified immunity*." *Frey v. Town of Jackson*, No. 19-CV-50-F, 2019 U.S. Dist. LEXIS 249112, at *5 (D. Wyo. June 27, 2019) (emphasis added) (citations omitted).

While it is true the Court may permit limited discovery, even when a dispositive motion based upon qualified immunity is pending, such an order typically requires a showing that additional facts are needed for the district court to rule on the qualified immunity claim.[3] *Stonecipher*, 759 F.3d at 1149. And even then, the discovery order will typically be "narrowly tailored" to unearthing facts that will aid the court in ruling on the immunity question. *Id.*

---

unduly prejudice the opposing party. And certain questions—including questions of immunity and jurisdiction—should be resolved at the earliest stages of litigation and present compelling grounds for a stay." (cleaned up) (internal citations omitted)).

[3] Other districts in this circuit have permitted limited discovery when "the need for timely discovery substantially outweighed the qualified immunity interest at stake, or the defense applied to too few parties and claims to outweigh the public and Court's interest in the suit's expeditious resolution." *Archuleta v. Bd. of Educ.*, No. 1:24-cv-00359-KK-JHR, 2025 U.S. Dist. LEXIS 1191, at *5 (D.N.M. Jan. 2, 2025) (citations omitted); *see also Cruz v. City of Deming*, 687 F.Supp. 3d 1155, 1169 (D.N.M. 2023) ("Where one defendant asserts qualified immunity, the district court should evaluate the nature of the case, the potential prejudice to the stayed defendant, and the impact on other parties before deciding to proceed with discovery concerning the non-invoking defendants or on additional claims for which qualified immunity is inapplicable.").

Plaintiff argues that the case is riddled with unresolved factual disputes and seeks to conduct discovery to determine when Governor Gordon learned of Dr. Cubin's email to the Wyoming House of Representatives and what, if any, disruption occurred due to his email. ECF No. 39 at 4–5. Specifically, Plaintiff argues that "discovery is required to learn what specific evidence the Governor's decision was based on to remove Dr. Cubin from the Board and evaluate its reasonableness." *Id.* at 6. The Court does not dispute that obtaining such discovery would undoubtedly be important to testing the merits of the case. However, much of Plaintiff's argument here misses the mark. Plaintiff offers no real explanation as to how such evidence would enable the Court to rule on whether qualified immunity applies—i.e., whether the law in question was clearly established at the time the allegedly unlawful action. *See Workman*, 958 F.2d at 336.

The Court is not convinced that allowing discovery—to determine whether there is evidence of "actual disruption arising from Dr. Cubin's email to the legislature" or to ascertain "[t]he precise date that Governor Gordon learned of Dr. Cubin's email"—would aid the Court in determining whether the violative nature of the particular conduct at issue was clearly established when the alleged conduct occurred. ECF No. 39 at 5. As noted above, such an inquiry is a purely legal one, requiring the plaintiff to point to a "clearly established" law. *See Workman*, 958 F.2d at 336; *Pompeo v. Bd. of Regents of the Univ. of N.M.*, 852 F.3d 973, 982 (10th Cir. 2017) ("For the law to be 'clearly established,' there ordinarily must be a Supreme Court or Tenth Circuit opinion on point, or the clearly established weight of authority from other circuits must point in one direction."). It is

difficult to see what use Plaintiff's proposed discovery would have to the purely legal question of qualified immunity in this case.

Plaintiff also cites to *Cruz v. City of Deming* for the proposition that when a case contains a variety of claims and "only some of [them] are subject to a qualified immunity defense[,]" a stay of discovery is inappropriate. 687 F. Supp. 3d 1155, 1168–69 (D.N.M. 2023) (finding a universal stay of discovery was unsuitable for a high-profile police shooting case involving multiple claims and defendants). The Court finds *Cruz* easily distinguishable from the instant matter. *See Archuleta v. Bd. of Educ.*, No. 1:24-cv-00359-KK-JHR, 2025 U.S. Dist. LEXIS 1191, at *6 (D.N.M. Jan. 2, 2025). "In *Cruz*, the Court found that qualified immunity did not justify a complete discovery stay because the defense applied to one claim against one defendant out of the suit's eight claims and eleven defendants." *Id.* The court noted that there are "weightier countervailing interests" that render a universal stay unfavorable. *Cruz* 687 F. Supp. 3d at 1169. Under the set of facts before the court, "[t]he interest in expeditiousness and the gravity of alleged civil rights violations resulting in a man's violent death…took priority." *Archuleta*, U.S. Dist. LEXIS 1191, at *6.

Conversely, this case involves a single defendant (in both his official and individual capacity) and only three counts, two of which implicate qualified immunity. Further, the potential prejudice to Plaintiff as the result of a stay is minimal.[4] And this case contains

---

[4] In fact, Plaintiff does not directly argue how he would be prejudiced by a universal stay of discovery in this matter.

7

almost none of the "weightier countervailing interests" contemplated in *Cruz*.[5] On the whole, Plaintiff has failed to provide any factor or combination of factors that necessitate allowing discovery to proceed on the official capacity claims prior to the Court's disposition on the issue of qualified immunity. This Court's general practice in such matters is to stay all discovery when a defendant asserts qualified immunity, *Frey*, U.S. Dist. LEXIS 249112, at *5, and because Plaintiff has failed to establish a sufficient basis for deviating from that practice, Defendant's *Motion* shall be granted.

## CONCLUSION

Based upon the preceding, Defendant's *Motion* is **GRANTED**. Therefore, **IT IS HEREBY ORDERED** that all discovery in this matter is **STAYED** pending the resolution of Defendant's *Motion for Judgment on the Pleadings Pursuant to Rule 12(c)* (ECF No. 26).

Dated this 9th day of January, 2025.

_____
Scott P. Klosterman
United States Magistrate Judge

---

[5] In *Cruz*—a case involving the shooting death of an arrestee, where the victim was shot more than 20 times—the court noted that "Section 1983 cases frequently involve matters of significant public interest, such as accusations of severe misconduct by government officials against vulnerable members of society. The public writ large has a vested interest in promptly and justly addressing such allegations; delaying the resolution of these cases may negatively impact the public trust and confidence in the legal system." *Cruz v. City of Deming*, 687 F. Supp. 3d 1155, 1169 (D.N.M. 2023).